PER CURIAM.
Plaintiff has asserted a claim for pension and death benefits from the Pension and Relief Fund for Firefighters in the City of New Orleans, established and administered in accordance with LSA R.S. 33:2101 et seq. The Board of Trustees, which is charged with the administration of the fund by R.S. 33:2103, denied plaintiff’s application whereupon plaintiff brought suit against the Board for the benefits in the District Court. From a judgment dismissing his claim plaintiff has appealed. The issue is his entitlement to a pension as a dependent child of his father, and a portion of the widow’s pension and death benefit by virtue of an assignment to him from his mother.
Plaintiff’s father was an employee of the Fire Department from October, 1949, until his disability retirement on May 14, 1970, when he began to receive a pension which continued until his death on November 11, 1977. He married Mary Brady in January, 1948, and plaintiff was born of the marriage in September, 1948. Mahl, Sr. and Mary Brady were divorced in April, 1961, she was awarded custody of plaintiff, along with three other children, and he was ordered to pay alimony in the amount of $45 per week for the support of herself and children, including plaintiff. This judgment was never terminated and remained in effect until the death of Mahl, Sr. In October, 1962, Mahl, Sr., married a second time and had two more children, born in February, 1964, and April, 1965. Plaintiff entered the Navy in May, 1968, and was discharged for medical reasons in November, 1968. He received welfare assistance from April, 1972, until April, 1974, and in 1973 began receiving Social Security bene *583 fits of $196 per month. In addition, he was awarded a Veterans Administration pension of $74 per month, beginning in August, 1977. Plaintiff’s mother, Mary Brady, assigned to plaintiff any community benefits she may have in the Pension and Relief Fund.
R.S. 33:2114 B provides for a death benefit of $2,000 to be paid to the beneficiary of a deceased firefighter and authorizes him to designate the beneficiary of this payment. R.S. 33:2114 A(2) provides for a pension of $200 per month to be paid to the widow of the retired firefighter who was receiving a pension at the time of his death. Plaintiff contends that these benefits are partially the result of contributions made by Mahl, Sr. and remuneration earned by him during his first marriage, so that there is an interest belonging to the community between Mahl, Sr. and plaintiff’s mother identifiable and subject to evaluation in accordance with the decision and formula set forth in T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976).
Whether this position is valid or not plaintiff cannot assert the claim since it belongs to his mother and it is unassignable. R.S. 33:2120.
However, plaintiff argues that he is entitled to a portion of these benefits by virtue of Art. XII, § 5, of the Louisiana Constitution of 1974, prohibiting any law which would abolish forced heirship and to that extent he is asserting his own claim rather than his mother’s by assignment to him.
Assuming for the sake of discussion that this argument has any validity, it is not properly before us. The only defendant is the Board. Any action by plaintiff to claim his legitime would seem to involve his father’s succession as well as his father’s other children.
The T. L. James case was in an entirely different posture. The funds at stake were deposited in a concursus proceeding and all interested parties were before the court. In passing on the right of the forced heir to assert a claim, the court noted that the contractual beneficiary might receive in full ownership the share of the funds passing to him as beneficiary subject to an accounting to the forced heir. The court noted:
“Where, before the disbursement to the beneficiary, the payors (as here) have received written notice of opposing claims of the estate or of a surviving spouse, they may provoke a concursus . . ..” (Emphasis supplied)
Thus, even in T. L. James the court did not require a concursus but ultimately left the problem to be resolved in proceedings among the conflicting parties. Because the concursus had in fact been convoked and all parties were before the court it was remanded to the trial court for a final disposition.
In any event, there is significant difference between a private profit sharing and pension fund and the one here in question. The Pension and Relief Fund was established by the legislature as a special benefit for those engaged in the hazards of fighting fires. See City of New Orleans v. Board of Trustees, etc., 365 So.2d 882 (La.App. 4th Cir. 1979). While employees contribute a percentage of their salaries, R.S. 33:2103.2, the city contributes a portion of the revenues it derives from licenses and it makes an annual minimum appropriation for the fund, R.S. 33:2101. The Board’s composition and duties are meticulously outlined in the statutes. The Board is directed by statute as to the beneficiaries of the pension and the employee is given the right to choose his beneficiary of the death benefit, which is the same amount for all without regard to length of service. The Board’s duty is to administer the fund as the legislature directed. Concepts of community property and forced heirship are beyond its scope. With respect to the payment of the death benefit and widow’s pension in this case the Board did exactly what it was directed to do and cannot be expected to do otherwise.
The same applies to plaintiff’s remaining claim for a pension of $75 per month as a dependent child under R.S. 33:2114 A(l) based on the fact that he is *584 totally and permanently disabled. R.S. 33:2114 D defines children as those who are solely dependent upon the firefighter for their support. In view of the stipulation that plaintiff is receiving two pensions totaling $270 per month, and Mahl, Sr., did not actually pay alimony or contribute anything to the support of his son since before January, 1968, plaintiff does not meet the definition of a dependent child and is not qualified to receive the pension. The Board has no discretion here. It can only administer the law as written.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.